UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL BOLDEN,

    Plaintiff,

vs.                                                        Case No. 8:16-cv-826-T-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income. Plaintiff filed his applications on January 15, 2013, alleging disability as of January 5, 2012. (Tr. 14.) These claims were denied initially and on reconsideration. (*Id.*) Plaintiff appeared at a hearing held in front of the Administrative Law Judge ("ALJ") on January 7, 2015. (Tr. 32-60.) The ALJ rendered a decision on March 5, 2015, finding Plaintiff not disabled from January 5, 2012 through the date of the decision. (Tr. 14-26.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 19, 22.)

**REVERSED AND REMANDED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ

erred in evaluating the disability rating placed upon him by the Department of Veterans Affairs (the "VA"). Second, Plaintiff argues that the ALJ erred in classifying his past relevant work as a "jailer." Finally, Plaintiff argues that the ALJ erred at step five in concluding that he had transferable skills with little to no vocational adjustment in terms of tools, work processes and the industry, with respect to other jobs he could perform in the national economy. The undersigned agrees with Plaintiff with respect to his first contention and thus determines that remand is warranted without addressing the second and third issues raised on appeal.

### A.    The ALJ's Decision

The ALJ found that Plaintiff has severe impairments, including diabetes mellitus, peripheral neuropathy, dermatitis or eczema, and stage three kidney disease. (Tr. 17.) However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments 20 C.F.R. Part 404 Subpart P, Appendix 1. (Tr. 18.) The ALJ determined, in relevant part, that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except climbing ladders, ropes or scaffolds [sic] no more than occasional climbing (ramps/stairs), crawling, crouching or stooping, and no more than frequent balancing or kneeling.

(*Id.*) The ALJ then determined that Plaintiff was able to perform his past relevant work as a jailer or, alternatively, that there were jobs that existed in significant

numbers in the national economy that he could perform. (Tr. 23-25.) As such, the ALJ found that Plaintiff was not disabled during the relevant period. (Tr. 25.)

### B. The ALJ Failed To Properly Consider The VA's Decision

Plaintiff argues that the ALJ did not properly or adequately take into account the VA's decision and 60% disability rating with respect to his skin condition. The undersigned agrees.

The findings of another agency, although not binding on the Commissioner, are entitled to great weight. *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233. 1241 (11th Cir. 1983). According to the Eleventh Circuit, this includes the decisions and disability ratings of the VA. *Hacia v. Comm'r of Soc. Sec.*, 601 Fed. App'x 783, 785-86 (11th Cir. 2015). While the Eleventh Circuit does not require the ALJ to quantify numerically the exact weight given to a VA disability determination, the ALJ has a duty to sufficiently explain "the weight accorded to each item of evidence" and the reasons for those decisions to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 2010).

Here, the ALJ stated that:

> [He] is mindful that [Plaintiff] has a 60 percent disability rating by the [VA] and he should be receiving disability payments from that agency. However, the Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency

is not binding on this proceeding.

(Tr. 22 (internal citations omitted).) While the ALJ is correct that a VA disability determination is not binding on the Commissioner, Eleventh Circuit case law mandates that such determination be afforded "great weight" unless the Commissioner articulates reasons supported by substantial evidence for discounting such determination. *See Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); *Bloodsworth*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez v. Schweiker*, 640 F.2 682, 686 (5th Cir. 1981)); *see also Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) ("In making his own determination of whether Brown-Gaudet-Evans is disabled, however, the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination.") (citing *Rodriguez*, 640 F.2d at 686). In concluding that the Social Security Administration makes disability determinations based on different criteria than the VA, the ALJ failed to sufficiently scrutinize the VA determination

5

at issue and explain the reasons for discounting such determination. *See, e.g., Brown-Gaudet-Evans*, 673 F. App'x at 904 ("It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it 'little weight.' Therefore, the ALJ erred."); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) (reversing the decision of the Commissioner and remanding the case, in part, because "[t]he ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law"); *Cronin v. Comm'r of Soc. Sec.*, No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012) (concluding that the ALJ erred in discounting a VE disability rating "without providing a reasoned basis for disregarding the weight normally given to a VE determination of 60% disability from such disease").

The Commissioner in her memorandum provided reasons why the VA determination should be rejected by the ALJ. While reasons to reject the VA's disability determination may exist, the Court cannot affirm simply because some rationale might have supported the ALJ's conclusion. *See Owens v. Heckler*, 748 F. 2d 1511, 1516 (11 Cir. 1984) ("We decline . . . to affirm simply because some rationale might have supported the ALJ's conclusion."). Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider the VA's

disability determination, to explain what weight it is being accorded, and the reasons therefor. If the ALJ rejects any portion of the VA disability determination, he must clearly articulate and explain his reasons for doing so. In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the VA's disability determination, and explain what weight it is being accorded and the reasons therefor; and (b) conduct any further proceedings deemed appropriate.

2. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

3. The clerk of Court is directed to enter judgment accordingly and

close the file.

**DONE AND ENTERED** as Jacksonville, Florida, on September 1, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

8